UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS BAIN, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL MACDONALD, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 24-13229-WGY |

### MEMORANDUM AND ORDER

April 8, 2025

YOUNG, D.J.

Pro se plaintiff Dennis Bain brings this action against the Massachusetts Appeals Court, Massachusetts state court judges, certain state court employees, and state court prosecutors arising from (1) certain state court proceedings regarding custody of his minor children and an abuse prevention order issued against him; and (2) restrictions on Bain's public protests against the Commonwealth's Probate and Family Court. Bain has also filed a motion for a preliminary injunction. For the reasons stated below, the Court will DISMISS certain claims, DENY the motion for a preliminary injunction, and require Bain to resolve the filing fee and file an amended complaint if he wishes to pursue this lawsuit.

## I. **Filing Fee**

Bain commenced this action without paying the $405 filing fee or filing a motion for leave to proceed without prepayment of the fee (often referred to as a motion for leave to proceed in forma pauperis). Accordingly, if Bain wishes to proceed with this lawsuit, he must, within thirty-five (35) days of the date of this order, either (1) pay the $405 filing fee; or (2) seek leave to proceed in forma pauperis by filing an Application to Proceed in District Court Without Prepaying Fees or Costs.

## II. **Claims Concerning Child Custody and Restraining Order**

Bain claims that in divorce and child custody proceedings over the past ten years, he has been "abused" and "deprived" of his children. Compl. at 7, 8. Bain asks that this Court (1) order that "the fraudulent Gloucester restraining order be vacated," which would "remove the ability for [his] ex-wife to use it as a weapon to have [him] wrongfully jailed or falsely and maliciously prosecuted by the Gloucester court"; and (2) "[o]rder the Woburn Probate Court [to] re-establish shared legal custody of [his] 13 year old daughter" and "[e]stablish at minimum, immediate unsupervised visitation/contact with [his] daughter." Id. at 8.

The Court is without jurisdiction to address these issues. The jurisdiction of a federal district court is determined by

Congress, and, under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. See 28 U.S.C. § 1257; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005).[1] Thus, under the Rooker-Feldman doctrine,[2] 28 U.S.C. § 1257 prohibits a district court from exercising jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291.

Here, Bain is asking this Court to assume the role of an appellate court vis-à-vis the state court child custody orders and a restraining order. These are precisely the types of claims that are precluded by the Rooker-Feldman doctrine.[3]

---

[1] Separately, Congress has given federal district courts jurisdiction to review state court criminal judgments. See 28 U.S.C. § 2254.

[2] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[3] See, e.g., Westin v. City of Calabasas, No. 23-3729, 2025 WL 869216, at *1 (9th Cir. Mar. 20, 2025) (applying Rooker-Feldman doctrine and affirming district court's dismissal of claims directly against state courts); Taylor v. Circuit Ct. of Cook Cnty., No. 24-2132, 2025 WL 601213, at *2 7th Cir. Feb. 25, 2025) (applying Rooker-Feldman doctrine and affirming district court's dismissal of claim for reversal or vacating of judgment in child custody case); Tyler v. Supreme Judicial Ct. of Mass., 914 F.3d 47, 50-52 (1st Cir. 2019); see also Murray v. Ostrawski, No. 23-2910, 2025 WL 18540, at * 2 (3d Cir. Jan. 2,

"[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006).

To the extent Bain challenges ongoing state proceedings concerning child custody or the restraining order against him, the Court abstains from exercising jurisdiction over said claims. "Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

---

2025) (stating that, "[i]nsofar as [the plaintiff] improperly views the lower federal courts as the natural next phase of appellate review of rulings in his state custody case, some of his arguments only serve to buttress the District Court's application of the Rooker-Feldman doctrine, which bars district court review of state court judgments" (internal quotation marks omitted)).

Under the doctrine of Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall, 604 F.3d at 664 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dept. of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Although Younger v. Harris dealt with federal interference in an ongoing state criminal proceeding, see Younger, 401 U.S. at 41, "Younger principles apply to noncriminal state proceedings that are judicial in nature." Coggeshall, 604 F.3d at 664. Younger abstention may be appropriate in a civil action if "(1) the [ongoing state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." Id. (quoting Bettencourt v. Bd. of Regist. in Med., 904 F.2d 772, 777 (1st Cir. 1990)).

Here, all three requirements for applying Younger to a civil action are present. See, e.g., Tyler v. Massachusetts, 981 F. Supp. 2d 92, 96 (D. Mass. 2013) (finding Younger abstention appropriate in action where plaintiff asked the federal district court to bar state probate court from entering orders concerning alimony and child visitation). The Court would "needlessly inject" itself in any associated pending state proceeding if it were to consider the validity of the restraining order against Bain or custody orders. The Court has no reason to believe that the Bain will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

In addition, a state (including its agencies, such as DCF) has immunity from suit in a federal court unless (1) the state has waived its immunity; or (2) Congress has abrogated the state's immunity. See Va. Off. for Protection & Advoc. v. Stewart, 563 U.S. 247, 253-54 (2011).[4] Here, Massachusetts has

---

[4] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." Va. Off. For Prot., 563. U.S. at 253.

not waived, nor has Congress abrogated, the state's immunity with regard to Bain's claims.[5]

Accordingly, any claim concerning the validity of a state court order or ongoing state court proceedings concerning child custody or the restraining order against Bain vis-à-vis his former spouse is DISMISSED.

III. **First Amendment Claims**

    A. **Allegations in the Complaint**

In the complaint, Bain refers to "First Amendment Issues at Probate Court," Compl. at 5, without describing any particular incident of an alleged violation of his First Amendment rights. In his request for relief, Bain asks:

> 3. Order that all violations of freedom of speech be addressed. That the Probate court employees including the administration stop the campaign they have established to harass and intimidate me to stop my efforts to freely express myself. The court administration should be publicly admonished. The parties in control that ignored my requests, that being the chief justices and their administration should be removed.
>
> 4. The "no trespass" order be deemed invalid and removed.

---

[5] In addition, a state is not subject to liability under § 1983 in a state or federal court. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

5.  Court personnel should be ordered to stop interfering in any way relative to my 1st amendment rights anywhere on or within the public areas of the courthouse property relative to my peaceful protest.

Compl. at 8-9.

The exhibits Bain included with the complaint indicate that disputes have risen concerning his right to protest on the property on which the Woburn Probate Court is located (which is privately owned) and within the courthouse. The exhibits also show that Bain has challenged a policy prohibiting photographing or taking a video of the interior of the courthouse. In addition, since commencing this action, Bain has filed 402 pages of documents, some of which concern his protests at the Woburn Probate Court.

## B.  Discussion

To state a claim upon which relief can be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Bain's complaint does not meet this standard. There is very little factual material in the body of the complaint concerning the alleged violations of his First Amendment rights. To be sure, the exhibits to the complaint and later filings provide some context for his allegations of violations of his First Amendment

rights, but they do not set forth a "short and plain statement of the claim" showing that specific defendants are liable to Bain. The defendants cannot respond to a complaint where most of the factual material is in exhibits. The defendants are not required to sift through pages of exhibits and construct Bain's claims.

### C.  Filing of an Amended Complaint

If Bain wishes to purse claims concerning alleged violations of his First Amendment rights, he must file an amended complaint. In the case caption of the first page, Bain must identify the persons or entities he wishes to hold liable. As noted above, state governments are generally immune from liability in state court.

In the body of the amended complaint, Bain must identify the alleged misconduct of each defendant (including the approximate date thereof), providing sufficient factual allegations which, treated as true, permit the Court reasonably infer that each defendant is liable to him. The amended complaint must be "short and plain" such that each defendant can identify from the body of the amended complaint the conduct for which Bain seeks to hold that defendant liable. Exhibits are permitted, but they are neither required nor a substitute for

including relevant allegations in the body of the amended complaint. Bain is not required to use a form complaint.

### IV. Motion for a Preliminary Injunction

Bain's motion for a preliminary injunction encompasses his claims concerning child custody, the associated restraining order against him, and his protests outside the Woburn Probate Court. The motion is DENIED with respect to any claims concerning child custody and the restraining order, as such claims are dismissed.

The motion is DENIED without prejudice as to the First Amendment claims. An order of injunction must "state its terms specifically" and "describe in reasonable detail—and not by referring to the compliant or other document—the acts or acts restrained or required." Fed. R. Civ. P. 72(d)(1)(B)(C). Here, Bain does not sufficiently identify the specific parties or conduct he wishes the Court to enjoin.

### V. Conclusion

For the foregoing reasons, the Court hereby orders:

1. If Bain wishes to proceed with this action, he must pay the $405 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to do so within thirty-five (35) days may result in dismissal of this action.

    2.    All claims concerning the proceedings in probate and family court or the restraining order against Bain are DISMISSED.

    3.    If Bain wishes to proceed on any First Amendment claim, he must file an amended complaint in accordance with the above instructions. Failure to do so within thirty-five (35) days may result in dismissal of this action.

    4.    The motion for a preliminary injunction is DENIED. Bain may file a renewed motion for a preliminary injunction with regard his First Amendment claim when he files his amended complaint or thereafter.

    SO ORDERED.

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE